# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 165
### SWARTZ v. SWARTZ
Ohio Appeals, 9th Dist., Summit County
No. 820. Decided Oct. 12, 1923

**413. DIVORCE AND ALIMONY**—Court of Appeals has no jurisdiction on error to grant temporary alimony in a divorce case in which divorce was granted by lower court.

WASHBURN, J.

Epitomized Opinion
First Publication of this Opinion

Alma Swartz brought an action for divorce and alimony against William Swartz. The Common Pleas Court granted the divorce and also rendered judgment in favor of Alma Swartz for alimony. The proceedings in error were then filed by the defendant. During the pendency of these proceedings Alma Swartz filed a motion for temporary alimony in the Court of Appeals. The question presented to the Court was whether it had authority to make such an order for temporary alimony in an error proceeding. The coure held:

1. The Court of Appeals had no authority to grant temporary alimony, as the decree of divorce was not vacted by the appeal and consequently the applicant was no longer the wife of William Swartz.

·Attorneys—Rockwell & Grant, Akron, for the motion; C. G. Roetzel, Akron, contra.

No. 166
### BEAVERTOWN CEM. ASSN. v. SUMMERS et al
Ohio Appeals, 4th Dist., Montgomery County
No. 551. Decided Jan. 10, 1924

**445. EASEMENTS**—Private right of way held to exist where Cemetery Association uses land to procure gravel.

ALLREAD, J.

Epitomized Opinion
First Publication of this Opinion

The Cemetery Association brought an action to oust Summers et al from the possession of certain real estate. Summers et al set up title in themselves. The land in question consisted of a narrow strip along the side of the cemetery. The evidence disclosed that ancestors of the defendants had owned the land, but for more than 21 years the Cemetery Association had made use of the strip of land when necessary for the purposes of securing gravel for the use of the Cemetery Association. Objection was made to the owners of the servient estate at various times attempting to plow the land. At the time that the defendants purchased the property they were notified of the existence of the right of way. In its opinion the court held:

1. The plaintiff has made out a prescriptive title to a private right of way for the uses of the cemetery over the strip in controversy. This private right · would include the right to use the land for cemetery purposes and to improve the road. The owner of the servient estate would have a right to use the strip for pasturage purposes and other purposes not inconsistent with said right.

Attorneys—Lenz, Sigler & Denlinger, for Cemetery Assn.; McCann & Whalen, for Summers; all of Dayton.

No. 167
### TOPPER v. SCHONBERG
Ohio Appeals, 4th Dist., Franklin County
No. 1078. Decided Jan. 15, 1924

**480. EVIDENCE**—Plaintiff may call partner of dissolved partnership for cross-examination under the statute in an action against partnership.

KUNKLE, J.

Epitomized Opinion
First Publication of this Opinion

Schonberg sued Topper in Common Pleas and the executors of M. Topper's estate for a balance owed on an alleged account for merchandise claimed to have been sold to I. and M. Topper, as partners. At the time the suit was filed, both partners were made defendants. Later M. Topper died and the suit was revived in the name of his personal representative. After the suit was filed, the partnership was dissolved. Judgment was rendered for Schonberg.

Error is assigned on the ground that Schonberg was allowed to call I. Topper for cross-examination over his objection, his counsel claiming that he was an adverse party to the estate of his co-defendant, and therefore prohibited from testifying under 11495 GC. In affirming the judgment, the Court of Appeals held:

1. "It is true that I. Topper was a co-defendant along with the executors of the estate of M. Topper, deceased. We are clearly of opinion, however, that he was not an adverse party as provided in Sec. 11495 GC." Schonberg has no concern in the contention that when the partnership was dissolved, I. Topper assumed and agreed to pay the debt. The cause of action was against the former partners, and as to such cause of action I. Topper was not an adverse party as against the estate of M. Topper.

Attorneys—E. Morgan, for Topper; H. Kohn, for Schonberg; both of Columbus.